IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDWIN MITCHELL PIRELA SR., <br><br> Petitioner, <br><br> v. <br><br> MICHAEL ROBINSON et al., <br><br> Respondents. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS PETITION** <br><br> Case No. 2:18-CV-323-JNP <br><br> Chief District Judge Robert J. Shelby |

Petitioner, Edwin Mitchell Pirela Sr., seeks habeas-corpus relief under 28 U.S.C.S. § 2241 (2019). He asserts two grounds: (1) ineffective assistance of counsel in a civil-rights case brought by a different inmate, *Ramirez v. Robinson*, 2:11-CV-1199 (D. Utah Dec. 29, 2011); and (2) the state prison's Sex Offender Treatment Program (SOTP) is used to punish, not cure, inmates. (Doc. No. 2.)

He requests the following remedies: "reinstate *Ramirez*"; "reassess" his IQ; immediate unconditional release; order Utah Board of Pardons and Parole (BOP) not to condition release upon completion of program; and money damages. (*Id.*)

Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019). 2241 petitions "are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted).

Respondents move for dismissal, urging the jurisdictional basis that this is an impermissible "second or successive [habeas] application." 28 U.S.C.S. § 2244(b) (2019). However, "§ 2244(b) . . . concern[s] only habeas corpus applications brought under § 2254 and not habeas petitions brought under § 2241." *Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010). Therefore, "the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241." *Id*.

While Respondents' jurisdictional arguments are not well taken, it is true that this petition must be dismissed for other reasons.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner first contends that he received ineffective assistance of counsel in a civil-rights case brought by a different inmate. *Ramirez*, 2:11-CV-1199. In that case, Plaintiff Ramirez asserted his federal constitutional rights were violated when the State did not accommodate his known disability as Plaintiff Ramirez tried to complete SOTP. *Id*., Doc. No. 66. The court appointed *pro bono* counsel for Plaintiff Ramirez. *Id*., Doc. No. 32.

Petitioner successfully moved to join the action, with the court requesting that Plaintiff Ramirez's appointed counsel evaluate if they could "accept the joint representation of Mr. Pirela with Mr. Ramirez without creating a conflict of interest, and if they can and are willing to accept the representation, to so advise the court and make any procedural filings necessary to properly assert claims on behalf of Mr. Pirela." *Id*., Doc. No. 44.

After counsel evaluated the potential joint representation of Pirela and Ramirez, counsel wrote a letter explaining why joint representation would not "be prudent." *Id*., Doc. No. 50. Noting that Petitioner's claims were "focused on the constitutionality of 'required' participation

2

in [SOTP]," the court concluded that Petitioner's claims were "therefore not closely related, or even similar" to Plaintiff Ramirez's. So, the court decided "that joinder would unduly delay and prejudice the resolution of Plaintiff[ Ramirez's] claims," severing and dismissing without prejudice Petitioner's claims. *Id.*, Doc. No. 66. The court specifically stated, "Pirela may re-file his claims in a separate case if he wishes." *Id*.

Having reviewed this scenario, the Court concludes that Petitioner's challenge to the execution of his sentence on the ground of ineffective assistance of counsel is meritless. First, "the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *Cullins v. Crouse*, 348 F.2d 887, 889 (10th Cir. 1965). Second, counsel in *Ramirez* was never representing Petitioner, but was instead representing Plaintiff Ramirez. *Ramirez*, Doc. No. 44 ("The court requests that counsel for Plaintiff Ramirez investigate *whether they can accept* the joint representation of Mr. Pirela with Mr. Ramirez.") (emphasis added); *id*., Doc. No. 50 (Plaintiff Ramirez's counsels' letter) ("We do not believe it would be prudent to undertake the representation of Mr. Pirela in this matter."). Third, on January 13, 2015, when dismissing Petitioner without prejudice from *Ramirez*, the Court specifically invited Petitioner to proceed with a separate lawsuit if he wished. *Id*., Doc. No. 66. However, Petitioner did not file another lawsuit with this Court until this one--more than three years later on May 1, 2018. (Doc. No. 1.) Finally, Petitioner's challenge is not to the unconstitutional execution of his state criminal sentence but to his alleged lack of proper representation in a separate civil-rights case from which he was dismissed as a joined party.

## SOTP

Petitioner alleges that SOTP "is only to punish," not to cure. (Doc. No. 2.) He further appears to contend that he was essentially forced to participate in SOTP by threats of "early lockdown," "commit[ment] without employment resources," and "ability to afford safe hygienes; food service etc." (*Id.*) Petitioner states that "[i]t is a norm within this sex offenders program to fully admit and accept responsibilities whether I'm fully responsible or not of the crime I'm said to have been convicted." (*Id.*) Fatal to his § 2241 habeas claim, Petitioner does not say how any of these bald allegations show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019).

Later in his "Request for Relief," he does ask the Court to "order the [BOP to] adopt the upholdings [sic] of the United States Supreme Court in that of *Tapia v. United States*," 564 U.S. 319 (2011). (Doc. No. 2, at 8.) Presumably, Petitioner refers to the Supreme Court's holding that 18 U.S.C.S. § 3582(a) (2019) precluded federal district courts from imposing or lengthening a prison term to promote a defendant's rehabilitation. *Tapia*, 564 U.S. at 335. However, this holding does nothing to help Petitioner: (A) It interprets a federal statute not at issue in Petitioner's imprisonment under Utah state law. And (B) Petitioner's prison sentence has not been increased by BOP based on his lack of participation in SOTP. Petitioner's sentence was set in July 2001 at fifteen-years-to-life. (Doc. No. 7, at 2.) Utah's indeterminate sentencing regime leaves BOP to decide within that term just how long Petitioner will serve. *See Baker v. Utah Bd. of Pardons and Parole*, No. 2:16-CV-756 DN, 2019 U.S. Dist. LEXIS 72931, at *5-6 (D. Utah Apr. 29, 2019).

As an aside, Petitioner should keep in mind that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a federal constitutional right. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). And, finally, Utah's indeterminate-sentencing scheme has been ruled constitutional. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009).

## CONCLUSION

The petition does not successfully argue that the execution of Petitioner's sentence violates the United States Constitution. The Court therefore denies the injunctive relief requested by Petitioner. Further, it is not within the Court's authority to "reinstate" *Ramirez*, a case from which Plaintiff (a joined party) was dismissed without prejudice in 2015. *Ramirez*, Doc. No. 66. And, finally, a request for money damages is always inappropriate in a habeas case. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).[1]

---

[1] Petitioner's opposition to Respondents' Motion to Dismiss appears to address deficiencies in his conviction and sentencing. These deficiencies may not be addressed in a § 2241 petition, but would be more appropriately brought in a § 2254 petition. However, any further § 2254 petitions regarding this conviction and sentencing would require Petitioner to obtain authorization from the Tenth Circuit. *See* 28 U.S.C.S. § 2254 (2019); *see also Pirela v. Carver*, No. 2:08-CV-651 TS (D. Utah Aug. 27, 2009) (dismissal order); *Pirela v. Friel*, No. 2:00-CV-208 TS (D. Utah Sept. 23, 2008) (dismissal order).

**IT IS THEREFORE ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**, albeit on different grounds than argued. (Doc. No. 7.)

(2) A certificate of appealability is **DENIED**.

(3) The Clerk of Court is directed to **CLOSE** this action.

DATED this 22nd day of July, 2019.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court